UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROKSANA HESARI,**

       **Plaintiff,**

v.                                                       Case No:   6:16-cv-1624-Orl-41GJK

**EASTERN US TRADING COMPANY,
INC., d/b/a ROYAL HOOKAH &
CIGAR LOUNGE, and MARWA
ELGAZZAR,**

       **Defendants.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 29)** |
| **FILED:** | **July 17, 2017** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

### I. BACKGROUND.

On September 16, 2016, Plaintiff filed a class-action complaint against Defendants, alleging violations of the minimum wage and overtime provisions of the Fair Labor Standards Act (the "FLSA"). Doc. No. 1. On July 17, 2017, the parties filed a Joint Motion for Approval of Settlement and Incorporated Memorandum of Law (the "Motion"), requesting that the Court approve their Settlement Agreement and Full and Final Mutual Release of All Claims (the "Agreement"), and dismiss the case "as well as any and all other pending claims between the

Parties with prejudice." Doc. No. 29 at 4. For the reasons that follow, it is recommended that the Motion be granted in part and denied in part.

**II.    LAW.**

In *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees.  First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . .  The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *Id*. Before approving an FLSA settlement, the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id*. at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and

(6) the opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, Case No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net[.]")).[2] In *Silva*, the Eleventh Circuit stated:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir. 1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

> plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D. Fla. 2008).

*Id*. at 351-52. For the Court to determine whether the proposed settlement is reasonable, plaintiff's counsel must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorney's fees, costs or expenses pursuant to a contract between the plaintiff and counsel, or otherwise. *Id*. When a plaintiff receives less than a full recovery, any payment from plaintiff's recovery above a reasonable fee improperly detracts from the plaintiff's recovery.[3] Thus, a potential conflict can arise between counsel and client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs.[4] It is the Court's responsibility to ensure that any such allocation is reasonable. *Id.* As the Court interprets the *Lynn's Food Stores, Inc.* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

An alternative means of demonstrating the reasonableness of attorney's fees and costs was set forth in *Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009). In *Bonetti*, the Honorable Gregory A. Presnell held:

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the

---

[3] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and plaintiff's counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[4] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

> compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff*, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id.* at 1228 (emphasis added). Judge Presnell maintained that if the matter of attorney's fees "[is] addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Id*. The undersigned finds this reasoning persuasive.

## III.   ANALYSIS.

### A.  Settlement of Plaintiff's FLSA Claims.

This case involves disputed issues under the FLSA, which constitutes a bona fide dispute. Doc. Nos. 1; 14; 29. Under the Agreement, in exchange for a mutual general release and confidentiality provision, Plaintiff agreed to compromise her claims for a total settlement amount of $4,500.00, representing: $550.00 in unpaid overtime wages; $550.00 in liquidated damages; and $3,400.00 payable to Plaintiff's counsel for attorney's fees and costs. Doc. No. 29-1 at ¶ 3. Plaintiff will not receive any additional consideration under the Agreement for the general release or confidentiality provision. *Id.*

Plaintiff originally estimated that she was owed $1,163.23.00 in unpaid minimum wages and overtime plus an equal amount in liquidated damages. Doc. No. 16 at 4. As such, the Agreement reflects a compromise of Plaintiff's FLSA claim.[5] Doc. No. 22-1 at 2. *See Caseres v. Texas de Brazil (Orlando) Corp.*, 6:13-cv-1001-Orl-37KRS, 2014 WL 12617465, at *2 (M.D. Fla.

---

[5] The parties state in the Motion that "Plaintiff will receive full damages as part of the settlement." Doc. No. 29 at 3.

April. 2, 2014) ("Because [plaintiff] will receive under the settlement agreement less than she averred she was owed under the FLSA, she has compromised her claim within the meaning of *Lynn's Food Stores*.").

The case involves a number of disputed issues regarding FLSA liability, which constitutes a bona fide dispute. Doc. No. 29 at 2-3. Among other things, the parties disagreed regarding the number of hours Plaintiff worked, and "Plaintiff alleged that Defendant's records were not specific." *Id.* at 3. The "Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process." *Id.* Considering the foregoing, and the strong presumption favoring settlement, the undersigned finds the settlement amount to be fair and reasonable.

### B. Attorney's Fees and Costs.

Under the Agreement, Plaintiff's counsel will receive a total of $3,400.00 for attorney's fees and costs. Doc. No. 29 at 3. The parties represent that attorney's fees and costs were negotiated separately from Plaintiff's recovery. *Id.* Such a representation adequately establishes that the issue of attorney's fees and costs was agreed upon without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Accordingly, pursuant to *Bonetti*, the undersigned finds the Settlement Agreement's attorney's fee provision to be fair and reasonable.

### C. General Release and Confidentiality Provision.

The Agreement contains general releases from Plaintiff to Defendants as well as a general release from Defendants to Plaintiff. Doc. No. 29-1 at ¶¶ 2.A., 4. In Plaintiff's general release, she agrees to release Defendants from any and all claims she may have against them. *Id.* at 2.A. Although the Eleventh Circuit has not addressed the effect of a general release on the fairness and reasonableness of an FLSA settlement, a number of courts in this District have questioned the

propriety of such a release in FLSA settlements. *E.g.*, *Bright v. Mental Health Res. Ctr., Inc.*, Case No. 3:10-cv-427-J-37TEM, 2012 WL 868804, at *4 (M.D. Fla. Mar. 14, 2012) (citing *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350-52 (M.D. Fla. 2010)). This is true even where there has been full compensation. *See, e.g.*, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010) ("[I]f the parties' proposed 'full compensation' agreement includes an additional term–such as the forbearance of a valuable right of the employee, including perhaps one of the employee's FLSA rights, or the exchange of another valuable consideration of any kind–the notion of 'full compensation' becomes illusory and inapplicable."). The Honorable Steven D. Merryday explained:

> An employee seeking to vindicate his FLSA rights often desperately needs his wages, and both the employee and the employer want promptly to resolve the matter. In a claim for unpaid wages, each party estimates the number of hours worked and the plaintiff's wage (i.e., establishes a range of recovery), and the court evaluates the relative strength of the parties' legal argument asserted in the particular case. However, in an FLSA action, neither party typically attempts to value the claims not asserted by the pleadings but within the scope of a pervasive release–that is, those "known and unknown," or "past, present, and future," or "statutory or common law," or other claims included among the boiler plate, but encompassing, terms unfailingly folded into the typical general release. Absent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate.

*Moreno*, 729 F. Supp. 2d at 1351-52. In light of these concerns, the unexplained inclusion of a general release, be it unilateral or mutual, in a FLSA settlement often results in a finding that the settlement is not a fair and reasonable resolution of the plaintiff's FLSA claims. *E.g.*, *Bright*, 2012 WL 868804, at *4; *Shearer v. Estep Const., Inc.*, Case No. 6:14-cv-1658-Orl-41GJK, 2015 WL 2402450, at *4 (M.D. Fla. May 20, 2015). That is not to say a general release may never be included in a FLSA settlement. Courts in this District have approved FLSA settlements with general releases where the parties provide the Court with sufficient information, such as a detailed

explanation in their motions or in affidavits from the plaintiffs, regarding any other claims that the employees are knowingly releasing, including the fair value of such claims, whether those claims are being compromised, and, if so, the reasons for such compromise and the consideration given in exchange for the general release. *See, e.g.*, *Middleton v. Sonic Brands L.L.C.*, Case No. 6:13-cv-386-Orl-28KRS, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (approving a settlement agreement providing $100.00 as separate consideration for a general release); *Bright*, 2012 WL 868804, at *5 (approving the settlement agreement as to one employee who signed a general release in exchange for the employer foregoing its counterclaims against her). The parties here have provided no such explanation, and therefore the Court cannot make an informed determination as to whether Plaintiff's general release in this case affects the fairness and reasonableness of the settlement. Moreover, the Agreement contains no separate consideration for Plaintiff's general release.

The Agreement also contains a confidentiality clause. Doc. No. 29-1 at ¶ 2.E. The confidentiality clause precludes Plaintiff from discussing her claim and the terms of the Agreement with anyone except her tax advisors or attorney or "as compelled by force of law." *Id.*

Courts within this circuit routinely reject such confidentiality clauses contained in FLSA settlement agreements because they "thwart Congress's intent to ensure widespread compliance with the FLSA." *Pariente v. CLC Resorts & Devs., Inc.*, No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5 (M.D. Fla. Oct. 24, 2014) (internal quotations omitted and citing authorities). Additionally, such clauses are rejected because they are inherently unenforceable due to the public filing of the settlement agreements containing the confidentiality clauses. *See Housen v. Econosweep & Maint. Servs., Inc.*, No. 3:12-cv-461-J-34TEM, 2013 WL 2455958, at *2 (M.D. Fla. Jun. 6, 2013) (confidentiality clauses are unenforceable when the settlement agreement is filed

on the public docket and citing authority).

While such provisions have been approved when the Plaintiff receives separate consideration, in this case there is no such consideration and the undersigned finds that the confidentiality clause in this case would unduly thwart Congress's intent to ensure widespread compliance with the FLSA. *See Smith v. Aramark Corp.*, Case No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *3-4 (M.D. Fla. Nov. 4, 2014) (approving FLSA settlement providing separate consideration for a confidentiality and non-disparagement clause); *Caamal v. Shelter Mortg. Co., LLC*, Case No. 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *4 (M.D. Fla. Sept. 26, 2013) (approving FLSA settlement providing $500.00 as separate consideration for a general release, non-disparagement clause, and waiver of future employment with defendant).

Nevertheless, even though Plaintiff's general release and the confidentiality provision are unenforceable, they do not preclude approval of the Agreement in this case. The Agreement contains a severability clause, stating the following:

> Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the parties.

Doc. No. 29-1 at ¶ 9. Thus, the Court may strike the Plaintiff's general release and the confidentiality provision from the Agreement without impacting the enforceability of the remainder of the Agreement. *See Pariente*, No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5-6 (M.D. Fla. Oct. 24, 2014) (striking confidentiality clause pursuant to severability clause). Accordingly, it is recommended that the Court strike the above-cited provisions of the Agreement

as invalid and unenforceable.[6]

## IV.   CONCLUSION.

Based on the foregoing, it is hereby **RECOMMENDED** that the Court enter an order **GRANTING in part and DENYING in part** the Motion (Doc. No. 29) as follows:

1. That the Court **STRIKE** the Plaintiff's general release (Doc. No. 29-1 at ¶ 2.A.), and the confidentiality provision (Doc. No. 29-1 at ¶ 2.E.), from the Agreement;

2. That the Motion (Doc. No. 29) be **GRANTED** to the extent that the Court finds the Agreement, with the modifications set forth above, to be a fair and reasonable compromise of Plaintiff's FLSA claims;

3. That the Motion be otherwise **DENIED**; and

4. That the Court **DISMISS the case with prejudice**.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1. **In order to expedite the final disposition of this matter, if the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection**.

**RECOMMENDED** in Orlando, Florida, on July 25, 2017.

_/s/ Gregory Kelly_
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

---

[6] To be clear, the undersigned is not recommending that the Court strike the Defendants' general release. Doc. No. 29-1 at ¶ 4.

Copies furnished to:

Counsel of Record
Unrepresented Parties